VENDRELL, DEMANDANTE Y APELANTE, *v.* PELLOT, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla
en un caso sobre cobro de una cantidad de dinero.

No. 1117.—Resuelto en julio 11, 1914.

ALEGACIONES JURADAS—QUÉ DEBE HACERSE CUANDO JURA UNA PERSONA QUE NO
SABE FIRMAR.—El demandado que no sabe firmar y jura la contestación a la
demanda, debe poner su marca al pie del juramento y otra persona escribir
cerca de la marca el nombre del que jura y además el suyo propio como
testigo, y es defectuoso, por tanto, un juramento en que el notario da fe
de que el demandado ha jurado y puesto la marca ante él sin que haya inter-
venido un testigo y firmado en la forma arriba expresada.

ID.—CÓMO DEBE JURARSE LA CONTESTACIÓN A UNA DEMANDA FUNDADA EN UN
DOCUMENTO.—Debe en tal caso cumplirse con los preceptos del artículo 118
del Código de Enjuiciamiento Civil, esto es, debe afirmarse que los hechos
relativos a la negativa le constan al que jura por propio conocimiento, excepto
aquellos que manifiesta conocer por información y creencia, en cuyo caso
expresará que los cree ciertos.

ID.—ENMIENDA DEL JURAMENTO DE UNA CONTESTACIÓN—REVOCACIÓN DE LA SEN-
TENCIA—PERMISO PARA ENMENDARLA.—Cuando a una alegación no se acom-
paña el juramento relativo a su veracidad, o el que se incluye es nulo, el
defecto que de tal modo aparece, puede ser corregido mediante una enmienda.
Y en un caso de tal naturaleza, la corte de apelación puede revocar la sen-
tencia recurrida y devolver el caso a la corte de su origen con instrucciones
de que se conceda permiso al demandado para enmendar su contestación
jurada y el pleito continúe tramitándose de acuerdo con la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

Abogado del apelado: *Sr. Enrique González Mena.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Él presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Aguadilla declarando sin lugar cierta demanda sobre cobro de dinero.

En la demanda se alega, en resumen, 1°., que demandante y demandado son mayores de edad, propietarios y vecinos de Isabela; 2°., que el demandado, teniendo como fiador al demandante, otorgó a favor de Eduardo Quevedo, de Isabela, tres pagarés, que se acompañan a la demanda, uno en junio 18, 1910, por $236, a vencer en diciembre 18, 1910; otro en octubre 1, 1910, por $236, a vencer en marzo 30, 1911, y otro en marzo 24, 1911, por $100 a vencer en septiembre 24, 1911; 3°., que llegado el vencimiento de los mencionados pagarés, el deudor Pellot no los hizo efectivos, ni tampoco en las prórrogas que le concediera el acreedor Quevedo, hasta que el demandante en su carácter de fiador solidario y principal pagador, tuvo que abonar al dicho Quevedo el importe de la deuda, o sea quinientos setenta y dos dollars, y 4°., que el demandante ha requerido en distintas ocasiones al demandado Pellot para que le pague aquella suma, sin que lo haya conseguido. La demanda termina con la súplica de que se condene al demandado a pagar al demandante la suma reclamada con sus intereses, y las costas del pleito y los honorarios de abogado.

A continuación transcribimos el primero de los pagarés acompañados a la demanda. Los otros dos están redactados en forma semejante. En el segundo firma a ruego de Pellot, Eugenio Vendrell, y en el tercero, la misma persona que lo hace en el primero, este es, Pedro Van Derdys.

"A. Recibí del fiador Tiburcio Vendrell—firmado E. Quevedo. Debo y pagaré el día treinta de marzo del año próximo venidero a la orden de Eduardo Quevedo, de esta vecindad la suma de DOSCIENTOS TREINTA Y SEIS dollars oro americano efectivo recibido de dicho señor a mi entera satisfacción en calidad de préstamo. Afecto al pago mis

bienes presentes y futuros renunciando cuantas leyes y derechos puedan favorecerme. Isabela, octubre 10, 1910. Higinio Pellot P. O. (firmado) Pedro Van Derdys.

"Garantizo el pago del presente documento como fiador y principal pagador renunciando el derecho de excusión, orden y división y aceptando cualquier prórroga que se concediese. A ruego de Tiburcio Vendrell por no saber firmar. (Firmado) Eugenio Vendrell. Presentado en secretaría hoy 18 de junio de 1913. (Firmado) Telesforo Cabán, Secretario."

El demandado contestó la demanda, en resumen, 1, admitiendo su hecho primero; 2, negando el hecho segundo y alegando que en ninguna época buscó como fiador al demandante ni otorgó ningún pagaré a favor de Eduardo Quevedo, de Isabela, en las fechas y por las cantidades dichas en el hecho segundo; 3, negando el hecho tercero y alegando que nunca se le cobró pagaré alguno, ni se le concedió prórroga, y 4, negando el hecho cuarto y alegando que nunca se le requirió por el demandante para pagar suma alguna de dinero. La contestación termina suplicando a la Corte que se sirva declarar sin lugar la demanda con las costas a la parte demandante.

En el acto de la vista se practicaron las pruebas ofrecidas por ambas partes y, el 5 de enero de 1914, la corte dictó sentencia en contra del demandante. Este, en su alegato presentado a esta Corte Suprema en apoyo del recurso por él interpuesto, sostiene que la corte sentenciadora erró, 1, al no declarar nulo el juramento de la contestación a la demanda; 2, al no dictar sentencia en favor del demandante, por los méritos de la demanda, y 3, al dictar sentencia denegatoria de la demanda, contra el resultado de las pruebas.

Examinemos el primer error.

El juramento que aparece al pie de la contestación, copiado a la letra, es como sigue:

"Juro que soy el demandado en este caso y que todo lo alegado en la anterior contestación es cierto constándome unos hechos por propio conocimiento y otros según información y creencia. (firmado) Higinio Pellot.

"Jurado y marcado ante mí por Higinio Pellot, mayor de edad, soltero, agricultor, vecino de Isabela, a quien conozco personalmente, hoy 25 de octubre de 1913. ·Doy fe. (firmado) Angel M. Torregrosa. Notario Público. (Existe cancelado un sello de rentas internas de veinte y cinco centavos y además impreso uno que dice: "Angel M. Torregrosa, Abogado-Notario, Aguadilla, Puerto Rico."): No. 14 del ——— affidavit."

Alega el apelante que el juramento que se ha transcrito es nulo por vicios de forma y por defectos esenciales.

Entre los vicios de forma que señala el apelante, está el de que siendo Higinio Pellot una persona ignorante que no sabía firmar, debió haberse cumplido con lo preceptuado en la Ley Notarial de 1906, que dispone en su sección 14 que si alguno de los otorgantes "no supiere o no pudiere firmar, lo expresará así el Notario, debiendo firmar uno de los testigos, escribiendo de su puño, en ante firma, que lo hace por sí como testigo, y a nombre del otorgante, que no sepa o no pueda verificarlo."

El documento de que se trata en este caso es una alegación jurada.

Bien la alegación o el juramento, dice Cyc., deben suscribir por la persona que jura, no necesitándose que ambos sean suscritos para que el juramento sea suficiente. 31 Cyc., 545 y casos citados.

El juramento, dice también Cyc., debe ajustarse a lo dispuesto por la ley local y a las reglas que se aplican en general a los *affidavits*. 31 Cyc., 545 y casos citados.

En el presente caso la contestación aparece suscrita por el abogado del demandado y el juramento se hizo constar en la forma que hemos transcrito. Si Higinio Pellot hubiera sabido escribir su nombre por sí mismo, bastaría que hubiera firmado bien la contestación, ya el juramento, de acuerdo con la jurisprudencia que hemos citado. Pero Higinio Pellot no sabía firmar y, por lo que se desprende de lo que hizo constar el notario, puso su marca.

Nada dispone la ley estableciendo un registro de *affidavits* o declaraciones ante notarios y otros funcionarios, aprobada el 12 de marzo de 1908, Leyes de 1908, p. 39, con respecto a lo que deba hacerse cuando la persona que va a prestar la declaración no sepa firmar. Ya hemos visto lo que prescribe la ley notarial para tales casos y si se tiene en cuenta además que el Código Político al determinar en su artículo 392 el significado y alcance entre otras de las palabras "firma" y "suscripción," establece que incluyen la marca cuando la persona no puede escribir su nombre, escribiéndose tal nombre cerca de la marca por otra persona que también firma como testigo, (véase el texto inglés del artículo citado), llegaremos a la conclusión de que la verdadera práctica que debe seguirse, y que se sigue generalmente, es la de que en casos de esta naturaleza debe la persona que jura poner su marca y otra persona escribir cerca de la marca el nombre de dicha persona y además el suyo propio como testigo.

Existe, pues, el vicio de forma a que se refiere el apelante, y también existe, a nuestro juicio, el defecto esencial que señala, a saber: que no se expresa por el demandado cuáles hechos le constan por propio conocimiento y cuáles por información y creencia.

Es cierto, como sostiene la parte apelada, que no se trata en este caso del artículo 118, sino del 119 del Código de Enjuiciamiento Civil, pero también lo es que la regla contenida en el 118 debe aplicarse al 119, y así cuando se niegue la autenticidad del documento cuya copia se incluya en la demanda, o se una a la misma, en vez de emplear la forma vaga e incierta "constándome unos hechos por propio conocimiento y otros según información y creencia" usada en este caso, debe afirmarse, siguiendo la fórmula prescrita en el artículo 118, que los hechos relativos a la negativa le constan al que jura por propio conocimiento, excepto aquellos que manifiesta

conocer por información y creencia en cuyo caso expresará que las cree ciertas.

Habiendo llegado a las anteriores conclusiones, se impone, sin necesidad de discutir los otros errores señalados por el apelante, la revocación de la sentencia apelada. Los defectos alegados ante esta Corte Suprema, lo fueron también en su oportunidad ante la corte de distrito y debieron ser reconocidos por el tribunal sentenciador.

Ahora bien, como se trata de un caso en el cual la corte sentenciadora apreciando las pruebas decidió que la parte demandante no demostró la verdad de la deuda reclamada y como se trata de defectos que si bien pueden calificarse de esenciales, son susceptibles de enmienda, opinamos que debe revocarse la sentencia apelada y devolverse el caso a la corte de su origen con instrucciones de que se conceda permiso al demandado para enmendar su contestación jurada y el pleito continúe tramitándose de acuerdo con la ley.

La resolución que adoptamos está sostenida, a nuestro juicio, por las circunstancias concurrentes, y por la jurisprudencia. Esta, resumida por Cyc., tomo 31, pág. 546, es como sigue:

"Una declaración referente a la certeza de la alegación que se presenta puede generalmente ser enmendada *nunc pro tunc* o sea, dándosele entonces el mismo efecto y valor legal que hubiera tenido antes, en lo que respecta al juramento, o al lugar del juicio, o a cualquier otra cuestión bien sea de forma o de sustancia, dentro de la discreción de la corte, cuando el permiso concedido para formular la enmienda tiende a la celebración de un juicio imparcial sobre los méritos del caso y se le ha dado un término razonable a la parte para impugnar la alegación enmendada. Cuando a una alegación no se acompaña el juramento relativo a su veracidad, o el que se incluye es nulo, el defecto que de tal modo aparece, puede ser corregido mediante una enmienda."

Debe revocarse la sentencia apelada en la forma que dejamos expuesta.

> *Revocada la sentencia y devuelto el caso a la corte inferior para que permita que se enmiende el juramento de la contestación y para que el pleito continúe tramitándose de acuerdo con la ley.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.