KRUEGER BROUGHTON LUMBER CO. (FORMERLY FULLERTON-KRUEGER LUMBER CO.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17130.   Promulgated February 20, 1930.

*Clark R. Fletcher, Esq.*, and *A. E. Bolte, Esq.*, for the petitioner.
*G. S. Herr, Esq.*, for the respondent.

1272

OPINION.

TRUSSELL: The motion to dismiss for lack of jurisdiction must be denied. It is apparent that the motion was made under a misapprehension of the facts. (1) The original appeal was filed within the 60-day period but not in proper form. Opportunity was promptly extended and was availed of by the petitioner to file an amended petition. The amended petition was filed subsequent to the expiration of the 60-day period but prior to the filing of an answer by the respondent. The only answer filed by the respondent, to whom full opportunity was accorded, was with respect to the amended petition. The propriety of the customary procedure here followed is fully discussed in *The Peruna Co.*, 11 B. T. A. 1180, and need not be repeated here. (2) The petitioner is the taxpayer; the fact that the same corporation was known during the taxable year by a different name gave rise to misapprehension in this regard.

Turning now to the petition, we find the petitioner claiming a right to a deduction in the amount of $3,500 of a bad debt. At the beginning of the taxable year the petitioner entered into contractual relations with another corporation owning and operating a sawmill. Operations under the contract during the year proved disastrous due to various circumstances, including a spring flood, and at

the end of the taxable year the other party stood charged upon the books of the petitioner with an account receivable amounting in excess of $22,000, and for which it was liable under the provisions of the contract. Relations were close between the two corporations and the petitioner was fully informed as to the financial condition of the other party. The president of the petitioner made a careful ascertainment of the assets and liabilities of the other corporation, with the result that it was apparent that the debtor owed the petitioner $3,500 in excess of its actual net worth and forced realization would only result in a greater loss. Accordingly, an amount of $3,500 was charged off on the petitioner's books at the end of the taxable year and was deducted from the net profits in computing the amount of the compensation due the president of the petitioner under a contract of employment providing for a percentage of the net profits.

We are satisfied that the amount of the claimed bad debt was reasonably definitely ascertainable from the facts available to the petitioner at the time, and that the entry upon the books was made in good faith and in the exercise of sound business judgment. If there were no complications this would bring the claimed deduction within the letter of section 234 (a) (5) of the Revenue Act of 1921, which provides for the deduction of part of a debt where it is shown to be recoverable only in part. Before deciding the issue, however, it will be necessary to briefly consider the following points:

In the following year contract operations were again entered into by the same parties, and we must decide whether this fact is material to the allowance of the deduction claimed. Bearing in mind that after the write-off the other corporation remained indebted to the petitioner to the utter limit of its net worth and probably in excess of any net realizable value through enforced liquidation, the renewal of relations would appear to be nothing more than good business practice, prospective in its outlook, but offering, in view of the past, nothing more than a hope of realization of the account or of profits from operations. Any advantage accruing through the securing of a supply of the lumber dealt in by the petitioner was also prospective in its intent and application. We think the point is immaterial to the issue. Cf. *Midland Coal Co.*, 1 B. T. A. 311.

The remaining point requiring consideration is whether, in crediting the uncollectible amount of $3,500 to an account headed " reserve for bad accounts," the petitioner has adopted a reserve method of accounting, since a so-called " direct " charge-off would have required posting the credit directly to the accounts receivable. In view of the fact that the evidence shows that the petitioner considered the amount of $3,500 definitely lost and treated it so in computing the

additional compensation due the president, and has consistently carried the reserve account on its books for many years unchanged, and that there is no evidence that the amount written off has ever been collected or otherwise realized, we are satisfied that the so-called reserve was in fact a mere posting of an amount written off. No confusion or ambiguity has resulted in the bookkeeping procedure followed. The entry still stands clear and distinct upon the books. Relative to a certain account and with respect to a single entry the facts must govern. A peculiarity of bookkeeping could have no effect upon the deductibility of the item. We think upon the evidence before us that the amount was charged off within the taxable year. Cf. *O. S. Stapley Co.*, 13 B. T. A. 557.

This brings us to a definite conclusion that the amount of $3,500 claimed by the petitioner is properly allowable as a deduction from income for the taxable year.

*Judgment will be entered under Rule 50.*