Sucesores de Suau, *S. en C.,* Petitioner, *v.* Court of Tax Appeals of Puerto Rico, Respondent.

No. 1521. Argued May 17, 1943.—Decided June 14, 1943.

A. *Ramírez Silva* for petitioner. *M. Rodríguez Ramos, Acting Attorney General,* and *José Rafael Gelpí, Deputy Attorney General,* for the intervener, Treasurer of Puerto Rico.

Mr. Justice Travieso delivered the opinion of the court.

The essential facts in this case, about which no controversy exist between the parties, are the following:

The petitioner, Sucesores de Suau, *S. en C.,* filed, within the legal time, an appeal before the old Board of Review and Equalization against the deficiencies notified to him by the Treasurer of Puerto Rico in relation to his income tax for the period ending March 31, 1935, March 31, 1936, and October 31, 1936. After a long time had elapsed, the Secretary of the Board notified the petitioner that his petition for appeal was defective, as it lacked an oath. The representative of the petitioner immediately swore to said petition before an Income Tax Inspector. The hearing was held on January 28, 1940. The Treasurer of Puerto Rico, who was an ex oficio member of the Board did not object to said appeal for the reason that the same had not been sworn to when filed.

On March 26, 1941, the Board of Review and Equalization rendered its decision granting the deduction of certain items and affirming, as to the rest, the action of the Treasurer of Puerto Rico. Feeling aggrieved, the petitioner moved for reconsideration. The motion was not considered by the Board, for the reason that the same was abolished and in its place the Court of Tax Appeals was created. On September 24, 1942, said court granted the petitioner a period of thirty days to adjust its cases according to the rules of practice of said court. On October 29, 1942, the petitioner filed a motion for reconsideration of the decision entered by the

Board of Review and Equalization. The Treasurer demurred on the grounds that the court lacked jurisdiction to hear said appeal as the same had not been sworn to when filed with the Board of Review. On February 23, 1943, the Court of Tax Appeals rendered its decision sustaining the demurrer and ordering the dismissal of the case, leaving in effect the tax originally levied by the Treasurer. After having paid the taxes, as calculated by the Treasurer, under protest, the petitioner filed the present writ of certiorari asking for review of the proceedings and reversal of the order entered by the Court of Tax Appeals.

■■■■ The only question involved in the present appeal is whether the lack of an oath in the petition for appeal at the time of its filing is a jurisdictional and fatal defect which prevented the Board of Review and Equalization—and later the Court of Tax Appeals—from acquiring jurisdiction of the questions involved in the appeal or if it was merely a formal defect which could be corrected *nunc pro tunc,* with the consent of the Board of Review.

Section 57 of Act No. 74 of 1925 (Laws of 1925, p. 400), in its pertinent part, reads thus:

" . . . Within 30 days after such notice is mailed, the taxpayer may file an appeal with the Board of Review and Equalization, *alleging in writing and under oath* the legal facts and grounds on which such appeal is based; *Provided, however,* That in order to exercise this right, the taxpayer shall have to file a bond for a sum equal to the amount of the tax notified and appealed, subject to the approval of the Treasurer." (Italics ours.)

In the case at bar the taxpayer was notified of the deficiencies on December 27, 1938. The appeal was filed on January 29, 1939 without an oath. An August 1st, 1939, the appeal was sworn to by the taxpayer's representatives without any objection on the part of the Board or on the part of the Treasurer of Puerto Rico who presided over it. It was not until said oath had been taken—on January 27, 1940—that the Board heard the case on its merits.

The case of *Faustino R. Aponte, appellant* v. *Treasurer of Puerto Rico, J.R.I.* (Board of Review and Equalization) 7411–7413, decided on January 30, 1942, cited by the Court of Tax Appeals in the decision appealed from, can be distinguished from the case at bar in that the appeal filed in said case was never sworn to, either at the time of its filing or afterwards. . In the instant case the appeal was sworn to before the hearing by the Board of Review. The Treasurer of Puerto Rico, who was not only the adverse party to the taxpayer, but also the President of the Board, allowed the hearing to commence without raising any objections as to the fact that the appeal had been sworn to after the date of its filing. More so, the Treasurer, as President and member of the Board, took part in the decision of the case which was favorable to the appellant taxpayer as to some of the items in controversy.

In *Leidigh Carriage Co.* v. *Stengel,* 95 Fed. 637, the Circuit Court of Appeals had before it the same question raised in the instant case, and it held:

" . . . The petition was answered by all the parties in interest, without any objection to its form. We have not the slightest doubt that, under any system of pleading, such a pleading to the merits waives all formal or modal matters. A verification of the petition is certainly a formal or modal matter, and does not reach to the jurisdiction."

See *Burnet* v. *First Nat. Bank of Fresno,* 46 F. (2d) 631.

In *Krueger Brughton Lumber Co.* v. *Commissioner of Int. Rev.,* 18 B.T.A. 1270 it was decided:

"This Board is *held* to have jurisdiction to hear and determine an appeal from a deficiency even though the appeal is unsatisfactory in form, if it was filed within the statutory period of 60 days after the mailing of the deficiency letter and was promptly amended to conform to the rules prior to answer by the respondent."

Under the cases cited and the decisions of this court in *Vendrell* v. *Pellot,* 21 P.R.R. 139, and *Ortiz* v. *Silva et al,* 28

P.R.R. 357, we hold that the Board of Review and Equalization had the discretionary power to allow, as it did, the appeal to be amended; that the amendment was timely made before the hearing of the case before the Board and could not cause any prejudice whatsoever to the adverse party, represented by the Treasurer of Puerto Rico; that the objection raised by the Treasurer for the first time before the Court of Tax Appeals has been made too late; and, lastly, that having consented to the amendment and allowing the hearing before the Board to commence without raising any objection whatsoever, the Treasurer is estopped from raising the question before the Court of Tax Appeals. See: 31 Cyc. 546.

The Court of Tax Appeals erred in holding that it lacked jurisdiction to hear the case.

The decision appealed from must be reversed and the case remanded to the respondent tribunal for further proceedings not inconsistent with this opinion.