SUCESORES DE SUAU, S. EN C., peticionaria, *v.* TRIBUNAL DE APELACIÓN DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado.

Núm. 1521.—*Sometido:* Mayo 17, 1943. *Resuelto:* Junio 14, 1943.

*A. Ramírez Silva,* abogado de la peticionaria; *Hon. Procurador General Interino M. Rodríguez Ramos* y *José Rafael Gelpí, Procurador General Auxiliar,* abogados del Tesorero de Puerto Rico, interventor.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos esenciales de este caso, sobre los cuales no existe controversia entre las partes, son los siguientes:

La peticionaria, Sucesores de Suau, S. en C., radicó dentro del término legal ante la antigua Junta de Revisión e Igualamiento una alzada contra las deficiencias que le fueron notificadas por el Tesorero de Puerto Rico, en relación con las contribuciones sobre ingresos por los años de marzo 31, 1935, marzo 31, 1936 y octubre 31, 1936. Transcurrido un largo período de tiempo, el Secretario de la Junta notificó a la peticionaria que el escrito de alzada era defectuoso por carecer de juramento, e inmediatamente el representante de la peticionaria juró dicho escrito ante un Inspector de Contribución Sobre Ingresos. La vista se celebró el 27 de enero de 1940, sin que el Tesorero de Puerto Rico, que era miembro nato de la Junta, impugnara las alzadas por el motivo de no haber estado juradas en la fecha de su radicación.

En marzo 26 de 1941 la Junta de Revisión e Igualamiento dictó su resolución concediendo a la peticionaria la deducción de ciertas partidas y confirmando en cuanto a las demás la actuación del Tesorero de Puerto Rico. No conforme la peticionaria, solicitó la reconsideración. La moción no pudo ser resuelta por la Junta por haber sido ésta abolida, creándose en su lugar el Tribunal de Apelación de Contribuciones. En septiembre 24, 1942 dicho tribunal concedió a la querellante un término de treinta días para conformar los casos de acuerdo con sus reglas de práctica. En octubre 20, 1942 la peticionaria radicó una solicitud de reconsideración de la resolucióu dictada por la Junta de Revisión e Igualamiento. Presentó el Tesorero una excepción previa en la que alegaba que el tribunal carecía de jurisdicción para conocer de dichas alzadas, por no haberse jurado las mismas antes de su radicación ante la Junta de Revisión. En 23 de febrero de 1943, el Tribunal de Apelación de Contribuciones dictó su resolución declarando con lugar la excepción previa, ordenando el archivo del caso y dejando subsistente la contribución originalmente impuesta por el Tesorero. Después de haber pagado las contribuciones de acuerdo con el cómputo practicado por el Tesorero, bajo protesta, la peticionaria radicó el presente recurso de *certiorari* solicitando la revisión de los procedimientos y la anulación de la resolución dictada por el Tribunal de Apelación de Contribuciones.

La única cuestión envuelta en el presente recurso es la de si la falta de juramento en el escrito de alzada, en la fecha de su radicación, es un defecto jurisdiccional y fatal que impidió que la Junta de Revisión e Igualamiento—y más tarde el Tribunal de Apelación de Contribuciones—adquiriese jurisdicción para conocer de las cuestiones envueltas en las alzadas o si era meramente un defecto de forma que podía ser subsanado *nunc pro tunc* con el consentimiento de la Junta de Revisión.

La sección 57 de la Ley núm. 74 de 1925 (pág. 401), en la parte que consideramos pertinente, dice así:

" . . . Dentro de los treinta días después de la fecha en que dicha notificación haya sido depositada en el correo, el contribuyente podrá radicar una apelación ante la Junta de Revisión e Igualamiento, *alegando por escrito y bajo juramento* los hechos y fundamentos legales en que apoya dicha apelación; *Disponiéndose,* sin embargo, que para hacer uso de este derecho el contribuyente tendrá que prestar fianza por una suma igual al montante de la contribución notificada y apelada, sujeta a la aprobación del Tesorero." (Bastardillas nuestras.)

En el caso de autos la contribuyente fué notificada de las deficiencias en diciembre 27, 1938. La alzada fué radicada en enero 29, 1939, sin juramento. En agosto 1º, 1939 la alzada fué jurada por el representante de la contribuyente, sin que se hiciera objeción alguna por la Junta o por el Tesorero de Puerto Rico que la presidía. Fué después de haberse prestado dicho juramento—en 27 de enero de 1940— que la Junta procedió a la vista del caso en sus méritos.

El caso de *Faustino R. Aponte, apelante* v. *Tesorero de Puerto Rico*, J.R.I. 7411–7413, decidido en enero 30, 1942, citado por el Tribunal de Apelación de Contribuciones en la resolución recurrida, se distingue del de autos en que la alzada interpuesta en aquel caso nunca fué jurada, ni al tiempo de su radicación ni posteriormente. En el presente caso la alzada fué jurada antes de la vista ante la Junta de Revisión y el Tesorero de Puerto Rico, que era no solamente la parte adversa a la contribuyente si que también Presidente de la Junta, entró a la vista del caso sin hacer objeción alguna al hecho de que la alzada había sido jurada después de la fecha de su radicación. Más aun, el Tesorero como Presidente y miembro de la Junta tomó parte en la resolución del caso, la que fué favorable a la contribuyente apelante en cuanto a varias de las partidas en controversia.

En *Leidigh Carriage Co.* v. *Stengel*, 95 Fed. 637, la Corte de Circuito de Apelaciones tuvo ante sí la misma cuestión levantada en el presente caso, y reslovió:

" . . . La petición fué contestada por todas las partes interesadas, sin objeción alguna en cuanto a su forma. No tenemos la menor duda

en cuanto a que bajo cualquier sistema de enjuiciamiento, tal alegación sobre los méritos equivale a una renuncia de todas las cuestiones de forma. El juramento de la petición es seguramente una cuestión de forma o modalidad, y no afecta la jurisdicción."

Véase *Burnet* v. *First Nat. Bank of Fresno*, 46 Fed. (2d) 631.

En *Krueger Brughton Lumber Co.* v. *Commissioner of Int. Rev.*, 18 B.T.A. 1270 se resolvió:

"Sostenemos que esta Junta tiene jurisdicción para oír y decidir una apelación contra una deficiencia aun cuando la apelación sea defectuosa en su forma, siempre que haya sido interpuesta dentro del término estatutario de 60 días después de haberse depositado en el correo la carta de notificación de la deficiencia y se haya enmendado con prontitud para conformarla a las reglas antes de la contestación de la parte adversa."

Vista la jurisprudencia citada y las decisiones de este tribunal en *Vendrell* v. *Pellot*, 21 D.P.R. 149 y *Ortiz* v. *Silva et al.*, 28 D.P.R. 384, opinamos que la Junta de Revisión e Igualamiento tenía facultad discrecional para permitir como permitió que se enmendase la alzada; que la enmienda fué hecha oportunamente antes de la vista del caso ante la Junta y no pudo causar perjuicio alguno a la parte adversa representada por el Tesorero de Puerto Rico; que la objeción levantada por el Tesorero por primera vez ante el Tribunal de Apelación es tardía; y por último, que habiendo consentido la enmienda y entrado a la vista del caso ante la Junta sin formular objeción alguna, el Tesorero está impedido de levantar esa cuestión ante el Tribunal de Apelación de Contribuciones. Véase: 31 Cyc. 546.

El Tribunal de Apelación de Contribuciones erró al declarar que carecía de jurisdicción para conocer del caso.

*La resolución recurrida debe ser anulada y el caso devuelto al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*