ALBERT CHAUSER *vs.* GAETANO CAMA.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

When a grantor conveys the equity of redemption in land which he has incumbered with a second mortgage, the second mortgagee is not thereafter under any equitable obligation to give him notice of a suit to foreclose the first mortgage, since he must have had full knowledge, when he parted with the title, of the danger that the security for the second mortgage debt might be so extinguished.

In such a situation, he may secure a measure of protection by requiring his grantee to assume and agree to pay the second mortgage, for thereafter they will stand in the relation of principal and surety and, if he is obliged to pay the debt (his personal liability being in no way affected by the assumption agreement), he will be entitled to reimbursement.

Argued June 8th—decided June 28th, 1927.

ACTION by the payee against the maker of a promissory note, to recover the balance alleged to be due thereon, brought to the Court of Common Pleas for New Haven County and tried to the court, *Pickett, J.;*

judgment for the plaintiff for $481, and appeal by the defendant. *No error.*

*Samuel M. Silver,* for the appellant (defendant).

*Joseph I. Sachs,* with whom, on the brief, were *Louis Sachs* and *Manuel S. Sachs,* for the appellee (plaintiff).

BANKS, J. The trial court found the following facts: The plaintiff conveyed to the defendant certain premises in New Haven subject to a mortgage of $2,000, which the defendant assumed and agreed to pay. As a part of the purchase price the defendant gave the plaintiff his note for $500, being the note in suit, which was secured by a second mortgage upon the premises conveyed. Thereafter the defendant conveyed the premises to one Kuziel, who assumed and agreed to pay the first mortgage of $2,000 and the second mortgage of $500, and in part payment gave the defendant a third mortgage of $800 upon the premises conveyed, which the defendant subsequently transferred to one Morris, and never thereafter had or acquired any title or interest in the premises. Subsequent to this conveyance, the house upon the premises was practically destroyed by fire. Kuziel, the owner of the equity, notified the defendant of that fact, that she had refused an offer of settlement of the fire loss, and that in consequence of the fire the first mortgagee had refused to accept payment of the interest then due on its mortgage, and had demanded the payment of the principal of the same. Thereafter, the first mortgagee, The American Bank and Trust Company, instituted foreclosure proceedings on its mortgage, making the plaintiff, Kuziel and Morris parties thereto, but not naming the defendant in this action as a party defendant. None of the parties redeeming, title to the premises

became absolute in The American Bank and Trust Company. Thereafter plaintiff brought this action upon defendant's note of $500, which was then due and payable.

The reasons of appeal raise but a single question, based upon defendant's claim that it was the duty of the plaintiff to notify him of the pending foreclosure, and that his failure to do so discharged defendant's obligation to pay his note. This question was determined adversely to defendant's contention in the case of *Barnes* v. *Upham,* 93 Conn. 491, 107 Atl. 700, the facts in which were practically identical with those in the case at bar. We there said (p. 494): "Admittedly, it was not the duty of the plaintiff to protect the defendant against the extinguishment of the security of the second mortgage note. Defendant knew all the facts, and the plaintiff was legally and equitably entitled to assume that if he chose to part with the equity and with his right to notice of foreclosure proceedings, he would protect his own interests in his own way. The answer does not expressly allege whether the defendant has or has not done so by requiring the grantee of the equity to assume and agree to pay the second mortgage note. But the material consideration is that he had full knowledge of the risk which he ran when he parted with the equity in the premises. Presumably he received a satisfactory consideration for assuming that risk. At any rate, he was not dependent upon, and therefore was not entitled to, any assistance from the second mortgagee in looking after his own interests." Here, as in *Barnes* v. *Upham,* both parties knew that the first mortgage was liable to be foreclosed, and that the security of the second mortgage was liable to be extinguished by such foreclosure. The defendant protected his interests by requiring the grantee of the equity to assume and agree to pay the

second mortgage note. As between them the latter became the principal and the defendant the surety, with a right of recourse against his principal in case he is compelled to pay the debt. *Cacavalle* v. *Lombardi ante,* p. 339, 138 Atl. 155; 2 Brandt on Suretyship & Guaranty, § 298.

The transfer of the mortgaged property to a third person who assumed the mortgage debt did not affect the right of the plaintiff to pursue the personal remedy against the defendant by an action on the note. *Barnes* v. *Upham, supra;* 2 Jones on Mortgages (7th Ed.) § 1220.

There is no error.

In this opinion the other judges concurred.