## LIMBACH et al. v. YELLOW CAB CO.
### No. 4431.

Circuit Court of Appeals, Seventh Circuit.

Nov. 17, 1930.

Julius Limbach and Edward H. S. Martin, both of Chicago, Ill., pro se.

Benjamin Samuels, John W. Costello, and David H. Greenberg, all of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The cause was tried by the court without a jury. No special findings were made.

Passing directly to the controverted question of service, it appears from the record that counsel made two contracts with Hazel Rogers. The first called for an attorney's fee "equal to one-third of the amount recovered." Notice of lien for such fee was duly served on appellee by registered letter. Later, appellants made another contract with the claimant wherein a somewhat different fee arrangement was made. Appellants attempted to serve a notice of lien on appellee. Appellee denied knowledge of such second contract, and that the notice of lien thereon was served as required by the statutes of Illinois.

The evidence respecting the service is not disputed. One of the appellants testified that he had no knowledge that a settlement was made until after it had been completed. He further said: "I made that service (of the lien) on the date that notice bears * * * at the office of the defendant on the south side * * * Chicago * * * Illinois. I endeavored to find the president of the defendant on that occasion. I found the de-

fendant but was not able to find the president. On that occasion I went to the second floor of the general offices of the defendant. At a counter, I inquired of the lady that was in charge. She was the only one there. On that occasion I inquired if the president was there, —whether he was in. She said no. I asked if any of the other officers were in. She said, 'no, what do you want?' I told her that I had an attorney's lien notice that I wanted to serve on the company and she directed me to the rear, to a man named Joe Gard, who had charge of those matters, and I went back there. She said that the officers were not in, that I should go back there and serve it. She mentioned Mr. Gard's name. I then went where I was directed * * * asked for Joe Gard, met him and told him that I had an attorney's lien notice and desired to serve it on the company. He said, 'all right, I will take charge of it.' I asked him to receipt for it. He said they did not receipt for notices of that kind. I gave him a duplicate * * * together with the contract. I asked him to sign for it and he said he would not and directed me to a man standing up. That man signed the name of Joe Gard on it. I don't know the name of the man who signed it."

■■ The applicable Illinois statutes governing the service of notice of lien (Cahill's Ill. Rev. Statutes, c. 13, par. 13, and chapter 110, par. 8) permit of service either by registered mail or by personal service. Good personal service requires notice to be served on the president of the corporation if he can be found in the county. Norris Coal Mining Co. v. Beam, 223 Ill. App. 333. As no showing whatever was made that the president of appellee was not or could not be found in the county, it follows that no valid service was made. True, such personal service may be waived or the corporation may be estopped to deny it. But in the instant case, appellant has failed to show either a waiver or an estoppel. For the evidence fails to show either agency or the agent's authority, if it be assumed that the unnamed lady and Gard were appellee's agents. It does not appear that either had authority to waive the requirement of the statute or to bind appellee in reference to the matter of service of notice of lien.

■ The view most favorable to appellant presented a situation where the inferences from the testimony were conflicting. Upon such showing the finding of the District Court will not be disturbed.

Other propositions urged by appellee need not be considered.

The judgment is affirmed.