ORLANDO TROTTA *vs.* RALPH PRETE.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th—decided December 12th, 1930.

*Harry L. Edlin* and *Benjamin F. Goldman,* for the appellant (plaintiff).

*Alfonse C. Fasano,* with whom was *John Prete,* and, on the brief, *Bernard Pellegrino,* for the appellee (defendant).

HINMAN, J.  On March 2d, 1927, the plaintiff sold and transferred to the defendant, for $9000, certain real estate in East Haven, subject to a first mortgage of $5500, which was given by a former owner and assumed by the plaintiff; a second mortgage, originally for $2000, given by the plaintiff to Martin Olsen and subsequently assigned by him to William H. Scranton; and a third mortgage, originally for $550, to Olsen, assigned to Street.  As a part of the consideration for the conveyance to him the defendant assumed and agreed to pay these mortgages, the amount then unpaid on the second mortgage being $1500, and on the third $400, together with taxes on the list of 1926.

The defendant became in default on the second mortgage note and Scranton, the holder, commenced a

foreclosure action, and on June 22d, 1928, obtained a judgment of foreclosure for $1361.40 and his costs. All parties in interest received law days, including the plaintiff and defendant, but none of them redeemed the property, and on July 12th, 1928, title became absolute in Scranton. Scranton moved for a deficiency judgment and appraisers were appointed and filed an appraisal, but on August 15th, 1928, before a deficiency judgment was entered, Scranton sold the property to Trotta, who paid him the amount of the foreclosure judgment and various expenses which they agreed upon. Trotta also paid Street, who had been foreclosed out, $500. Thereafter Trotta endeavored to pursue, in Scranton's name, the claim for a deficiency judgment against Prete, but the court struck all the deficiency proceedings from the file. Then, after attempting unsuccessfully to file a cross-complaint in the foreclosure action, seeking to recover a deficiency judgment against Prete, Trotta, in November following, brought the present action.

In addition to the foregoing facts the trial court found that the amount received by Scranton through the sale to Trotta was sufficient to extinguish the indebtedness on his mortgage and all expenses; that the transaction was an ordinary sale, Trotta purchasing because he believed the property worth more than he paid, although he also entertained a hope that he might recover something from Prete; that the value of the property at the time of the sale was $8500, which was more than the plaintiff paid Scranton and Street. These findings are justified by evidence or permissible inference therefrom and no corrections can be granted which would affect the material conclusions that the mortgage indebtedness to Scranton has been satisfied and discharged; that the purchase by the plaintiff was a speculation and made primarily for

that purpose and not to protect himself from a deficiency judgment; and that, since the property was worth more than he paid, the plaintiff lost nothing and has suffered no damage.

The further assignments of error relate to the applicable principles of law. The sale and transfer of the premises by the plaintiff to the defendant, the latter assuming and agreeing to pay the mortgages thereon, did not affect the right of any mortgagee to pursue his personal remedy against the plaintiff by an action on the note. As between the plaintiff and the defendant, by the assumption agreement the latter became the principal, and the plaintiff the surety with a right of recourse against the defendant in case he was compelled to pay the debt. *Chauser* v. *Cama,* 106 Conn. 390, 393, 138 Atl. 157; *Cacavalle* v. *Lombardi,* 106 Conn. 339, 138 Atl. 155; *Barnes* v. *Upham,* 93 Conn. 491, 107 Atl. 700. The undertaking of the defendant to the plaintiff was that if he should fail to pay any mortgage note in accordance with his contract, and, in consequence thereof, the plaintiff was compelled to satisfy it, then the defendant would make good the resulting damage. *Foster* v. *Atwater,* 42 Conn. 244, 252; 2 Jones on Mortgages (8th Ed.) § 964. If the defendant failed to pay the note at maturity the plaintiff had a right of action on this contract even before being, himself, compelled to pay. *Foster* v. *Atwater, supra,* p. 253; 21 A. L. R. p. 508 *et seq.*

The damage recoverable is such sum as will enable the mortgagor to discharge the obligation for which he is answerable. *Hall* v. *Way,* 47 Conn. 467, 472; *Locke* v. *Homer,* 131 Mass. 93; *Furnas* v. *Durgin,* 119 Mass. 500; 21 A. L. R. p. 525 *et seq.* The object and purpose is to enable the mortgagor to obtain indemnity or reimbursement for whatever he is required to pay or lose by reason of his grantee's failure to perform his

contract to assume and pay the obligations, as a part of the consideration for the purchase. Profit or additional advantage to the original mortgagor at the expense of his grantee is not contemplated. If such reimbursement is had, the benefit of the payments made by the mortgagor, as by the release and discharge of the mortgage, redounds to the grantee, from whom the reimbursement is to be obtained. *Hall* v. *Way, supra.*

After default by Prete in payment of the Scranton mortgage note, Trotta had a present right of action against him. If the suit had been brought and recovery had before foreclosure by Scranton, it would have been Trotta's duty to apply the amount recovered to pay the Scranton note and mortgage, and Prete, having in effect paid it, through Trotta, would hold his equity in the premises free of the Scranton mortgage. A similar situation obtained as to the Street mortgage. If Scranton not only had sought and obtained, as he did, judgment of foreclosure, but also had secured a deficiency judgment against both Trotta and Prete, Trotta would have been entitled to recover from Prete the amount of that judgment, but upon doing so was bound to satisfy it, leaving Prete free from further obligation or liability on account of it. *Hall* v. *Way, supra,* p. 472. But neither of these courses was pursued; instead, after the title became absolute in Scranton by his foreclosure, the plaintiff purchased the property by paying to Scranton the debt, and certain other charges. "The substance of the transaction was a redemption by [Trotta]. The form in which it was done was immaterial." *Hall* v. *Way, supra,* 473. Street having been foreclosed out in the Scranton suit, Trotta as well as Prete was liable on the note which he held and Trotta would be justified in paying it, and if not recompensed otherwise, would

be entitled to recover from Prete the amount so paid.

It is obvious, however, that the plaintiff could not justly or lawfully retain for himself, and withhold from the defendant, the property which he received in consideration of the payments made and, at the same time, collect from the defendant the full amount of the debts to Scranton and Street. His recoverable damage would be the excess, if any, of the amount of his proper payments above the value of the property which he obtained thereby. As to this, the finding shows that the value of the real estate acquired and retained by the plaintiff exceeded the amount of all his payments, and sustains the conclusion of the trial court that he has suffered no damage. The claim which he had against the defendant has been satisfied, in legal contemplation. "He has paid his money it is true, but he has received a full equivalent." *Hall* v. *Way, supra,* p. 473.

There is no error.

In this opinion the other judges concurred.