ISAAC JACOBS *vs.* H. WILLIAM KUPPERSTEIN.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided March 3d, 1931.

*Jacob Schwolsky,* for the appellant (defendant).

*Lucius F. Robinson, Jr.,* for the appellee (plaintiff).

HINMAN, J. On or about July 1st, 1925, David L. Pessin conveyed to the plaintiff certain real estate, in Hartford, subject to a first mortgage for $14,000, which the plaintiff did not assume and agree to pay. On July 29th, 1926, he gave a note for $6000 to Pessin, secured by a second mortgage, payable $300 on February 1st, 1930, and a like amount every six months thereafter, with interest semiannually; provided that "if there shall be any default in the payment of principal or interest on this or on any prior mortgage . . . or in the payment of any taxes, [or] municipal assessments, . . . for the period of thirty days after the same shall become due, then the entire amount remaining unpaid . . . shall become immediately due and payable at the option of the holder." On August 10th, 1926, Pessin assigned this note and mortgage to Rebecca Siegel, and on April 28th, 1927, the plaintiff sold and conveyed the premises to the defendant, subject to the two mortgages above mentioned, which the grantee assumed and agreed to pay.

On or about August 5th, 1929, the plaintiff was notified, by letter, by attorneys for Mrs. Siegel, that the 1927 and 1928 taxes and a water bill were unpaid, that thereby the entire unpaid balance of the note held by her became due, and that payment must be made at once or foreclosure would be instituted. The plaintiff thereupon, the finding states, "desiring to prevent an acceleration of the time of payment of the note, and believing that unless said payments were made he might become obligated to pay the note in full" paid the taxes and water rent, and the interest on both mortgages. These payments were made on August 7th, 10th and 12th.

Notwithstanding, on August 12th, a writ and complaint was served upon Jacobs, and subsequently on Kupperstein, in which Mrs. Siegel alleged failure to

pay the interest on the first mortgage, due June 1st, 1929, the taxes due in July, 1928, and 1929, and water rent due the city June 1st, 1929, and claimed a foreclosure, possession of the mortgaged premises, a deficiency judgment, and damages. On October 21st, following, the defendants in the action having appeared but failed to disclose a defense or plead, judgment of foreclosure was rendered, fixing the debt at $6140 and the law day for Kupperstein October 28th and for Jacobs October 29th. Kupperstein did not redeem, but Jacobs did, paying, by note and second mortgage, the debt with interest and costs and took possession of the premises. On November 4th Mrs. Siegel filed a certificate of satisfaction of judgment and Jacobs a certificate of redemption. On November 18th Jacobs brought this action claiming a valuation of the premises, damages, and equitable relief. The defendant answered by admissions and denials only.

The trial court, upon the facts found, held the defendant liable to the plaintiff for the excess of the amount paid by the latter in satisfaction of the mortgage and for taxes, interest and water rent as hereinbefore stated, over the value of the equity in the premises above the first mortgage, on the date of redemption.

The main propositions advanced by the appellant are: that the acts of the plaintiff in making the payments and redeeming were voluntary and impose no obligation on the defendant to reimburse him; and that, by plaintiff's redeeming and taking possession of the premises, the note and mortgage, and any liability of the defendant thereon, were extinguished. As to the latter contention, it is sufficient to observe that this action is not based upon the note and mortgage but upon the defendant's contract, with the plaintiff, to pay them. *Foster* v. *Atwater*, 42 Conn. 244, 253.

Also, even if, as the appellant claims, redemption and taking of possession of the property by the plaintiff—the mortgagor—would have the same effect as foreclosure and possession by a mortgagee or his assignee, the debt would not be discharged thereby unless the value of the property be equal to or greater than the debt. *Bergin* v. *Robbins,* 109 Conn. 329, 335, 146 Atl. 724.

We have very recently had occasion to review and apply the principles governing the right and extent of recovery, by a mortgagor, for breach of an agreement by his grantee to assume and pay the mortgage debt, and held the plaintiff, in such a case, entitled to recover "the excess, if any, of the amount of his proper payments above the value of the property which he obtained thereby." *Trotta* v. *Prete,* 112 Conn. 442, 447, 152 Atl. 585. The decision in that case is conclusive of the present plaintiff's right to reimbursement on account of the amount paid to redeem the Siegel mortgage; there is no material distinction between the two cases, in this respect. There, the purchase by the plaintiff mortgagor of the premises, after foreclosure, was held to be, in substance, equivalent to redemption by him, and he was denied recovery, under the rule above quoted, only because the value of the property which he obtained exceeded the amount of his payments. Here, the finding is that the value of the premises, at the time when the plaintiff redeemed, did not exceed $20,000, and the first mortgage and accrued interest amounted to $14,350, leaving the value of the equity which the plaintiff obtained by his redemption $5650. If he had not so redeemed, Mrs. Siegel, under her claim for that relief, would have been entitled to an appraisal and a deficiency judgment, and to hold the present plaintiff liable therefor or, without such judgment, in a separate action to recover the balance of the debt not satisfied by the value of the property fore-

closed. *Bergin* v. *Robbins, supra,* p. 333; *Acampora* v. *Warner,* 91 Conn. 586, 588, 101 Atl. 332; General Statutes, § 5080. The plaintiff was entitled to recover the excess of the amount of his payment of the judgment in foreclosure—$6236.16—above the value which he obtained by redemption.

A further question presented is whether the payments of interest on the first and second mortgages, taxes on the mortgaged premises, and water rent, made by the plaintiff prior to the foreclosure judgment are, likewise, such "proper payments" as to be recoverable by him. If these payments had been made by the plaintiff in the foreclosure action, they would have become a part of the debt due her and included in the judgment. General Statutes, § 5081; *Beach* v. *Isacs,* 105 Conn. 169, 175, 134 Atl. 787. Had they been so made they, as well as accrued interest on the second mortgage, would have become a part of the amount required to be paid to redeem and for which the plaintiff here would be entitled to reimbursement from the defendant. If the accrued interest on the first mortgage had not been paid, either by Mrs. Siegel or by Jacobs, the incumbrance of that mortgage, at the date of redemption of the second mortgage, would have been increased by the amount of such interest, and the unpaid taxes and water rent would have constituted additional prior incumbrances, reducing, correspondingly, the value of the equity obtained by the plaintiff through redemption, and increasing, by a like amount, the excess, above that value, of the amount of the foreclosure judgment. It follows that to require the defendant to reimburse the plaintiff for the amount of these payments is to hold him accountable for no greater sum, in the aggregate, than he would have been had the payments been made by Mrs. Siegel, or if they had not been made by anyone and the obligations re-

mained a charge upon the premises at the redemption date.

Also, it appears from the facts found that the payments of these obligations by the present plaintiff were made in good faith, for the purpose of averting the acceleration of the due date of the note held by Mrs. Siegel, by reason of defaults on these payments through the inaction of the defendant, and to induce forbearance of the demand for immediate payment of the entire principal or, as the alternative, foreclosure of the mortgage. The payments were for the benefit of Kupperstein as well as Jacobs. *Beach* v. *Isacs, supra,* p. 175.

Manifestly, equity requires that these payments be included in the amount for which the plaintiff is entitled to reimbursement by the defendant. *First Taxing District* v. *National Surety Co.,* 97 Conn. 639, 642, 118 Atl. 96, 26 A. L. R. 297. We regard recovery therefor as within the reason, purpose and scope of the legal principles applicable in actions upon a contract of assumption. *Trotta* v. *Prete, supra; Hall* v. *Way,* 47 Conn. 467.

The evidence to which the first two rulings appealed from relate was relevant to the incentive, purpose and good faith of the plaintiff in making the payments; so, also, was his opinion as to what the property could be sold for, sought by the third question and it appears that it was for this purpose, only, that it was admitted and not as proof of actual value. Moreover, the record does not disclose the answer, if any, made to the question last mentioned, and we are unable to determine whether the ruling, even were it erroneous, was harmful.

There is no error.

In this opinion the other judges concurred.