ALBERT W. ENGEL, executor, *vs.* CHECKER TAXI COMPANY.

Suffolk.    May 21, 1931. — May 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor vehicle, In use of way. *Practice, Civil*, Findings by judge.

A judge, who without a jury heard an action of tort by an executor for conscious suffering caused to the plaintiff's testator when he came into collision with a taxicab of the defendant as he was crossing a street, found for the defendant and reported the action for determination by this court. In his report he stated the conflicting evidence before him in summary form and quoted from a statement of "findings and rulings," which he had filed and in which he recited that the

testator after the accident had made certain statements to the effect that the taxicab had "dashed madly around the corner" and upon him, and that in answer to interrogatories the defendant had stated in substance that, as the taxicab was proceeding at a rate of about five miles per hour, and the testator, approaching it, was four or five feet away, he stumbled and fell on the pavement; and that there was no witness at the trial who saw the accident. The report concluded in these words: "Save as expressly or by necessary implication given in the foregoing findings and rulings, I denied the defendant's requests, and the defendant duly excepted thereto. To my ruling and finding, the plaintiff duly saved the following exceptions: '1. That upon all the evidence the plaintiff was entitled to recover. 2. Upon all the evidence the judge erred in finding and ordering a judgment for the defendant. 3. Upon all the evidence the defendant was guilty of negligence. 4. Upon all the evidence the plaintiff's testator was in the exercise of due care.'" *Held,* that

(1) No error of law was disclosed as to any of the exceptions saved by the plaintiff;

(2) The general finding for the defendant imported a finding of all subsidiary facts necessary to that conclusion so far as warranted by the evidence;

(3) The only question of law presented was whether the finding for the defendant could be supported on any reasonable interpretation of the evidence including legitimate inferences therefrom;

(4) On the conflicting evidence, no error of law appeared in the finding for the defendant.

Evidence, at the trial of an action against the owner of an automobile for conscious suffering of a pedestrian alleged to have been caused by negligence of the driver of the automobile, that the driver saw the decedent walking toward the left hand side of his taxicab four or five feet away, and as the taxicab passed he slipped or stumbled and fell, if believed, showed no negligence on the part of the defendant even in view of that part of St. 1925, c. 305, which requires the operator of a motor vehicle approaching a pedestrian on the travelled part of a way and not upon a sidewalk to slow down and give warning.

TORT by the executor of the will of Joseph Engel to recover compensation for personal injuries sustained by the plaintiff's testate. Writ dated December 5, 1927.

In the Superior Court, the action was heard by *Weed, J.,* without a jury. A report by the judge to this court recited the evidence produced before him in summary form; that the defendant requested certain findings and rulings as to liability and damages; and continued:

"Thereafter, I found for the defendant, and in connection therewith, filed the following finding and ruling:

"'The deceased was a lawyer with an office at 44 School

Street, Boston. He was seventy years of age. He was injured on the afternoon of June 21, 1927, while crossing Post Office Square, by a taxicab owned by the defendant and operated on its business by one of its servants. No witness of the accident was produced at the trial. The testimony as to the accident was confined to certain statements made by the deceased shortly after the accident, the answers of the defendant to certain interrogatories propounded by the plaintiff, a stiff-brimmed straw hat worn by the deceased at the time of the accident, and the nature and extent of the physical injuries to the deceased.

"'After the accident, the deceased said to an office associate that "he was down at Post Office Square . . . about to cross the street on his way to, I think, one Blanchard's and that he looked up and down the street and started and the first thing he knew a taxicab dashed madly around the corner and was upon him." To his sister, he said, after asking her to get his hat and showing it to her, "It saved his life; he was going to cross Post Office Square, there was nothing in sight; he started to cross the street, and a taxi dashed around the corner and the next thing he knew he was under the fender."

"'In answer to an interrogatory propounded by the plaintiff, the defendant replied, "On June 21, 1927, a Checker taxicab owned by the defendant was being operated along Federal Street at the rate of approximately five miles an hour, going in a northerly direction. It proceeded along Federal Street to Franklin Street, easterly to Congress Street and northerly on Congress Street to Post Office Square. Just after crossing Milk Street, the operator of the taxicab saw a man walking towards the left hand of his cab. At that time the man was about four or five feet away from the cab. The cab continued on its course and as the cab passed the man, the man slipped or stumbled and fell on the pavement. After the man fell on the pavement, the cab stopped and the operator of the cab helped to pick the man up and took him to the Haymarket Relief Hospital."

"'The hat worn by the deceased at the time of the acci-

dent was a stiff-brimmed straw hat. At the front of the brim, there was a cut extending in to the sweat band and continuing up into the crown of the hat. The deceased was cut across the forehead in a way that corresponded to the cut in the hat. This cut in his forehead was about three inches long. . There were other lacerations on the top of his head and on his left hand, and the head of the radius of his left wrist was fractured. An X-ray showed no fracture of the skull . . . .

"'No evidence was introduced by the defendant . . . .

"'Upon all the evidence and the inferences of fact reasonably to be drawn therefrom, I find and rule that the plaintiff is not entitled to recover . . . .'

"Save as expressly or by necessary implication given in the foregoing findings and rulings, I denied the defendant's requests, and the defendant duly excepted thereto. To my ruling and finding, the plaintiff duly saved the . . . [exceptions quoted in the opinion].

."I herewith report this case to the Supreme Judicial Court for determination upon the questions of law raised by the exceptions properly saved by the respective parties."

The findings as to the statements by the deceased and as to the defendant's answers to interrogatories, set out in the judge's statement of "findings and rulings," corresponded with the evidence recited earlier in the report.

*Lee M. Friedman,* (*F. L. Kozol* with him,) for the plaintiff.
*T. H. Mahoney,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries to the plaintiff's testator while he was a pedestrian upon a public way. The case finally rested on a count alleging that the injuries of the testator arose out of the negligence of one driving an automobile owned and operated by the defendant. The case was tried by a judge without a jury. At the conclusion of the evidence the defendant requested a finding and ruling that the plaintiff had failed to show negligence on the part of the defendant, and another, not material to the grounds of this decision, relating to damages. The trial judge found for the defendant. In connection therewith he filed what is

termed a "finding and ruling." Therein it is stated: "No witness of the accident was produced at the trial. The testimony as to the accident was confined to certain statements made by the deceased shortly after the accident, the answers of the defendant to certain interrogatories propounded by the plaintiff, a stiff-brimmed straw hat worn by the deceased at the time of the accident, and the nature and extent of the physical injuries to the deceased." Then follows a fair summary of the evidence introduced. There is no recital that any of the evidence was found to be true.

The case comes before us by report, the concluding part of which is in these words: "Save as expressly or by necessary implication given in the foregoing findings and rulings, I denied the defendant's requests, and the defendant duly excepted thereto. To my ruling and finding, the plaintiff duly saved the following exceptions: '1. That upon all the evidence the plaintiff was entitled to recover. 2. Upon all the evidence the judge erred in finding and ordering a judgment for the defendant. 3. Upon all the evidence the defendant was guilty of negligence. 4. Upon all the evidence the plaintiff's testator was in the exercise of due care.' I herewith report this case to the Supreme Judicial Court for determination upon the questions of law raised by the exceptions properly saved by the respective parties." The plaintiff filed no requests for rulings.

No error of law is disclosed by any of the exceptions saved by the plaintiff. The general finding for the defendant imports a finding of all subsidiary facts necessary to that conclusion so far as warranted by the evidence. *Adams* v. *Dick*, 226 Mass. 46, 53. The only question of law presented is whether the finding for the defendant can be supported on any reasonable interpretation of the evidence including legitimate inferences therefrom. The general finding must stand if warranted upon any possible view of the evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143, and cases cited. The credibility of the testimony and the inferences which ought to be drawn therefrom were entirely for the trial judge. *McDonough* v. *Vozzela*, 247 Mass. 552, 558. *Klayman* v. *Silberstein*, 252 Mass.

275, 278. The only question of law presented, therefore, is whether the finding in favor of the defendant can be supported. It is too plain for discussion that a finding for the defendant in a case where the evidence is chiefly oral presents no question of law. The fact finding tribunal is not required to give credit to any evidence tending to prove facts essential to the plaintiff's right of recovery. *Pass's Case,* 232 Mass. 515. The unequivocal finding in favor of the defendant is a finding based upon all the evidence. It is not cut down or converted into a ruling of law by the later summary by the judge to the effect that "Upon all the evidence and the inferences of fact reasonably to be drawn therefrom, I find and rule that the plaintiff is not entitled to recover."

There was no evidence that required a finding of negligence on the part of the defendant. *Rizzittelli* v. *Vestine,* 246 Mass. 391. *Whalen* v. *Mutrie,* 247 Mass. 316. According to its answers to the interrogatories, the operator of the motor vehicle saw a man walking toward the left hand side of his cab four or five feet away, and as the cab passed the man slipped or stumbled and fell. If believed, this showed no negligence on the part of the defendant even in view of that part of St. 1925, c. 305, which requires the operator of a motor vehicle approaching a pedestrian on the travelled part of a way and not upon a sidewalk to slow down and give warning. That statute was operative at the time the accident occurred and governed the rights of the parties at the trial. *Hennessey* v. *Moynihan,* 272 Mass. 165, 169. On that evidence the testator was approaching the automobile from its side and was not being approached by the automobile, and hence there was no violation of the statute.

*Judgment for the defendant on the finding.*