## CONTINENTAL PETROLEUM CO. v. UNITED STATES.*

### No. 1452.

Circuit Court of Appeals, Tenth Circuit.

Dec. 14, 1936.

*Writ of certiorari denied 57 S. Ct. 670, 81 L. Ed. ——.

Elmer J. Lundy and Thos. D. Lyons, both of Tulsa, Okl. (Floyd F. Toomey, of Washington, D. C., Frank Pace, of Little Rock, Ark., and Troy Pace, of Los Angeles, Cal., on the brief), for appellant.

George H. Zeutzius, Sp. Asst. to the Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch, Andrew D. Sharpe, and Maurice J. Mahoney, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an action to recover upon an alleged overpayment of income taxes for the calendar year 1922, in the sum of $253,-620.84. Several defenses were interposed, the second being that an order of redetermination of the Board of Tax Appeals was res judicata of the matters in controversy. A jury was waived and the case tried before the court.

The court directed that the evidence first offered be confined to the plea of res judicata. That was done and it disclosed these facts. The taxpayer sold certain oil and gas leases in Oklahoma to Trans-Continental Oil Company in 1922 for $5,000,-000, payable part in cash, part in notes, and part from oil when produced. It filed a return for that year which disclosed a tax liability of $184,839.54, and that sum, plus interest, was paid in 1923. The Commissioner subsequently caused an investigation to be made of the affairs of the taxpayer for the years 1920 to 1924, inclusive, and determined a deficiency for the years 1920, 1921, and 1922, in the sum of $161,154.30, of which $135,763.44 was attributed to 1922; and a jeopardy assessment was made for the full amount. The deficiency letter was dated December 11, 1926, and it contained the usual statement that the taxpayer had until February 11, 1927, within which to file a petition with the Board of Tax Appeals contesting the correctness of such determination. On February 5, 1927, the taxpayer wrote the Board as

follows: "On December 11, 1926, we received a letter from Commissioner D. H. Blair advising of an assessment against our company of $81,395.39 covering the years 1920 to 1924 inclusive. The letter gave us until February 11, 1927 to file a protest with your body in the event that we so decided. It is our intention to protest the assessment but our Mr. John J. O'Brien, Auditor and Assistant Secretary, is confined to his bed and it will be impossible to complete the protest in the given time. Mr. O'Brien has considerable of the work done as he is the only one familiar with the records and the conditions surrounding the assessment we respectfully ask that you grant us an additional 60 days to complete the work. It will work a hardship on us if you fail to help us and will put us to considerable unnecessary expense. Will you not be kind enough to wire us upon receipt of this letter advising that the extension has been granted. We have signed new waivers extending the jurisdiction of the government with respect to the old years that would ordinarily be outlawed so an extension will in no way hazard the government in the collection of its taxes." Three days later, that is on the 8th, the taxpayer sent this telegram to this Board: "Please advise that you have granted sixty day extension as requested our letter of the fifth to file protest against tax assessment answer today." It was admitted in the trial court that the taxpayer received a telegram from the Board on the same day, but neither party could produce the original or a copy of it. Later that day the taxpayer transmitted telegraphically $10 to the Board for filing fees, with this message: "The Money Transfer paid you herewith from Continental Petroleum at Bristow Okla included the following message: This for filing fees as per your telegram of today."

The Board filed the letter as a petition for redetermination on February 8th, its filing stamp appearing thereon. It was given a docket number and was treated in all respects as though it complied with the rules of the Board. The taxpayer filed a paper on March 23d, designated, "Petition of the Continental Petroleum Company, Bristow, Oklahoma, before the United States Board of Tax Appeals, Docket Number 23915." That was the docket number given the case on February 8th, and placed on the letter. When the Board received the petition it was stamped, "Amended Petition Appeal Filed 2-8-27"; and the Board treated it as an amended petition. It set up a claim for depreciation and depletion on the leases sold and contained an exhaustive analysis of the facts giving rise to the claim; and it set out the deficiency letter. The Commissioner filed his answer in May and the cause was placed on the general calendar of the Board to await assignment for hearing. A copy of the answer, with notice of its filing and notice of the placing on the general calendar, was given to the taxpayer. Numerous conferences between representatives of the Commissioner and representatives of the taxpayer were thereafter held. The parties reached an agreement and signed a written stipulation, which provided that the unpaid portion of the correct tax liability for the year 1922 was $70,320.48; that an overassessment of $11,-388.67 should be abated; that the Board should enter its order of redetermination in accordance; that the Commissioner should, after the entry of such order, assess and collect the deficiency; and that the appeal for the years 1923 and 1924 should be dismissed. The stipulation was filed with the Board on December 15, 1928, and 13 days later the Board entered an order in accord with its terms. The taxpayer thereafter paid the deficiency and the overassessment was abated, all in accordance with the stipulation and the order of redetermination.

Upon the conclusion of the evidence relating to the plea, the court filed a written opinion consisting of findings of fact and conclusions of law. The plea was sustained and judgment rendered against the taxpayer This appeal seasonably followed.

A motion was filed to strike the bill of exceptions because it was not signed, settled, and approved during the term of court at which the judgment was rendered, or within an asserted 60-day extension allowed for that purpose. The cause was tried and the judgment entered in April, 1936. The bill was settled and approved in June. The terms of court in the Western District of Oklahoma begin at Oklahoma City on the first Monday in January, at Enid on the first Monday in March, at Guthrie on the first Monday in May, at Mangum on the first Monday in September, at Lawton on the first Monday in October, at Woodward on the first Mon-

94

day in November, and at Ponca City on the first Monday in December. 28 U.S.C.A. § 182. It is contended that the bill was settled after the 60-day extension expired and during a new term of court which had convened at Guthrie. The record does not contain an order of extension, all reference to its existence or nonexistence appearing in affidavits of counsel. The certificate and order of the court settling and approving the bill expressly recites that it was made during the term at which the cause was heard and determined. A certificate of the clerk likewise discloses that the term had not been expressly adjourned at the time the bill was settled and approved. The essence of the motion and of the argument made in support of it, is that the term at which the judgment was rendered automatically expired upon the convening of the next term on the date fixed in the statute. The contention fails to find support in the authorities. A bill of exceptions must be settled during the term at which the judgment was rendered or during an extension of such term for that purpose, United States v. Jones (C.C.A.) 78 F.(2d) 1005; but, in the absence of an order expressly adjourning it sooner, the term does not expire until the time fixed by law for the convening of the next term at that place. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; East Tennessee Iron & Coal Co. v. Wiggin (C.C.A.) 68 F. 446; Denver Live Stock Commission Co. v. Lee (C.C.A.) 18 F.(2d) 11. It is not contended that an order of adjournment was entered. The motion is without substance.

■ The single question presented on the merits is whether the order of redetermination, from which no appeal was taken, constitutes res judicata of the tax liability for the year 1922. By section 274(a) of the Revenue Act of 1926, 44 Stat. 9, it is provided that if the Commissioner finds a deficiency, he shall send a notice to the taxpayer by registered mail; and that the taxpayer may, within 60 days after such notice is mailed, file a petition with the Board of Tax Appeals for a redetermination of such deficiency. By section 284 (d), it is provided that if a petition is filed with the Board within the time thus fixed, no suit for the recovery of the tax shall be instituted in any court, except in certain circumstances there specified. By sections 1001 and 1003, it is provided that an order of redetermination may be reviewed in the Circuit Court of

Appeals, and then in the Supreme Court in the manner there provided. By section 1005 (a), (1), 26 U.S.C.A. § 640 (a) it is provided that the decision of the Board shall become final upon the expiration of the time allowed for the filing of a petition for review, if no such petition has been filed. An order of redetermination, from which no petition for review is timely filed, made in a proceeding in which the Board has jurisdiction of the subject-matter and parties, is conclusive upon the parties and they cannot litigate the issues anew in a separate action in court. Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Bankers' Reserve Life Co. v. United States (Ct. Cl.) 44 F.(2d) 1000, certiorari denied 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448; Brampton Woolen Co. v. Field (C.C.A.) 56 F.(2d) 23, certiorari denied 287 U.S. 608, 53 S.Ct. 12, 77 L.Ed. 529.

■ The taxpayer asserts, however, that the order of redetermination in question was a nullity and does not foreclose a determination of the issues in this case, because no petition was filed with the Board within 60 days after the deficiency letter was mailed. It is contended that the letter of February 5th, was not a petition and that the formal petition was filed long after the 60-day period expired. The filing of a petition within the fixed time is essential to the jurisdiction of the Board of the subject matter. The statute requiring that it be filed within such time has that effect. Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.(2d) 972, certiorari denied 277 U.S. 592, 48 S.Ct. 529, 72 L.Ed. 1004. But the statute does not provide what shall be stated in the petition. The Board may make rules and regulations not inconsistent with the terms of the act, and it has provided in rule 5 that the petition shall be sufficiently complete to inform the Board of the issues presented; that it shall contain proper allegations showing jurisdiction in the Board, a statement of the amount of the deficiency, the nature of the tax, the year for which it is asserted and the amount thereof in controversy, clear and concise numbered assignments of error alleged to have been committed by the Commissioner, a clear and concise statement of the facts upon which reliance is placed, and a prayer setting forth the relief sought; that it shall be signed by petitioner, or his counsel, and verified; that the name and mailing address of petitioner, or his counsel, shall

be typed or printed immediately following the signature; and that a copy of the deficiency letter shall be appended to it. The letter did not meet the requirements of the rule, but the court expressly found that, " * * * the Board treated the letter as a petition, and evidently notified the taxpayer that it would be treated as a petition upon the filing of the fee which the Board as provided in the rules, and that the additional time would be granted in which to file an amended petition."

The Board has long pursued a fixed policy of liberality in permitting amendments to supply requisites which were omitted from a deficient petition filed within the 60-day period, if there was no departure from the original grievance submitted for redetermination. The Peruna Co. v. Com'r, 11 B.T.A. 1180; Marion Shainwald Sevier v. Com'r, 14 B.T.A. 709; Krueger Broughton Lumber Co. v. Com'r, 18 B.T.A. 1270; Bankers Realty Syndicate v. Com'r, 20 B.T.A. 612; Gibson Amusement Co. v. Com'r, 22 B.T.A. 1212. And that policy has been applied in cases in which the taxpayer merely lodged a telegram with the Board during the 60-day period and after its expiration filed a formal petition, which was treated as an amended petition. F. O. Statler v. Com'r, 27 B.T.A. 342; I. J. Rosenberg v. Com'r, 32 B.T.A. 618. It has been held that a failure to verify a petition for redetermination in accordance with the rule does not withhold jurisdiction of the Board. Burnet v. First Nat. Bank of Fresno (C.C.A.) 46 F.(2d) 631. Meticulous compliance with every requirement of the rule concerning the contents of a petition is not essential to the exercise of the Board's jurisdiction. A reasonable discretion in determining what constitutes substantial compliance with it, must be reposed in the Board.

The Board not only treated the letter as an informal petition, but the court found that it did so with the concurrence of the taxpayer. Is that finding supported by substantial evidence? The letter disclosed that a deficiency had been determined, and that the 60-day period was about to expire; and an extension of 60 days within which to seek a review was requested. It was written on February 5th, and it reached the Board two or three days later. In its anxiety, the taxpayer telegraphed the Board on the 8th, requesting telegraphic assurance that day that the desired extension had been granted. The Board telegraphed the taxpayer that day, but the message could not be produced and no one testified respecting its contents. No authority existed in the law for such an extension. It cannot be assumed that the Board wired it would grant the extension as that would mean an assumption that it undertook to do an unauthorized act. Although the telegram was not exhibited, the trial court had guidance in determining its substance. In reply to it the taxpayer telegraphed the exact amount of money required as filing fees and stated that it was for that purpose in accordance with the message from the Board. Upon receipt of the money transmitted for the stated purpose of paying such fees, the Board filed the letter as an informal petition. There is no intimation that the taxpayer paid or suggested the payment of filing fees at the time its formal petition was filed, or at any other time. No explanation is offered for the payment of such fees far in advance of the filing of the formal petition, nor the failure to tender them at the time that document was submitted for filing. These facts abundantly justified the trial court in making the inference or deduction of fact that the Board telegraphed the taxpayer that the letter would be filed as an informal petition upon receipt of the filing fees; that the fees were sent with that understanding; and that the letter was so filed and treated with the concurrence of the taxpayer. If there is substantial evidence to support a permissible inference or deduction of fact, it is binding and will not be set aside on appeal. Limbach v. Yellow Cab Co. (C.C.A.) 45 F.(2d) 386; Gross v. Fidelity & Deposit Co. (C.C.A.) 72 F.(2d) 223; Trotta v. Prete, 112 Conn. 442, 152 A. 585; Engel v. Checker Taxi Co., 275 Mass. 471, 176 N.E. 179; Rodskier v. N. W. Mut. Life Ins. Co., 216 Iowa, 121, 248 N.W. 295; Trigg v. Trigg, 37 N.M. 296, 22 P.(2d) 119.

It follows from what has been said that, in our opinion, a petition was filed within the required time; the jurisdiction of the Board thereupon attached; the order of redetermination thereafter made is conclusive here and the court was right in sustaining the plea of res judicata. The judgment is therefore affirmed.