[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This is an action for collection of a note.
The operative facts are not in dispute. The named defendant and Leonard Bosco were engaged in a joint. enterprise. On May 20, 1985, in furtherance of that joint enterprise, they borrowed $15,000 from the plaintiff, gave their joint and several note for the same, and as security, they gave the plaintiff a mortgage on two pieces of property, one on Rockwell Avenue and the other on Green Street, in Waterbury, which properties they jointly owned. By Quit-Claim Deed dated November 19, 1985, Raymond conveyed his interest in the Rockwell Avenue property to Bosco. The deed did not mention the plaintiff's mortgage. By deed dated January 10, 1986, Raymond conveyed his interest in the Green Street property to Bosco, and that deed stated that the premises were subject to the plaintiff's mortgage and Bosco agreed to pay that mortgage and to indemnify and save Raymond harmless against such mortgage. Sometime in October, 1986, the plaintiff escrowed a release of that mortgage to Homeowners Mortgage Company, apparently with the understanding that the release would be used only on the payoff of the mortgage debt. On October 29, 1986, Homeowners recorded the release but it made no payment to Security Pacific. No explanation was given for the breach of the escrow. Bosco made most of the payments on the note, both before and after their release was recorded, but sometime in the spring of 1988, he made payments of interest only. It appears that he made no payments CT Page 3244 after January, 1989 and is now and for sometime has been of parts unknown. In February, 1989, the plaintiff made demand on Raymond for payment and he did make two payments in February, 1989 totaling $120 and he tendered $20 in March, 1989, which was refused. Not until March 21, 1989 did the plaintiff make demand upon Homeowners to honor the escrow. Until the present action was brought, Raymond was not aware that the mortgage had been released or that the debt was delinquent. There was a dispute as to whether or not at the time of closing he asked for and was assured that the debt would remain secured by the mortgage, but in my view of the matter, it makes no difference whether such assurance was given or not. Bosco has heretofore been defaulted and judgment has been rendered against him.
Raymond has asserted two special defenses, the first being an accord and satisfaction and the second being payment. The evidence does not support either special defense.
The law governing this situation is clear.
 "A mortgagor who has conveyed his equity of redemption has a right to have the mortgaged property applied to the payment of the mortgage debt so far as necessary for his protection against personal liability for the debt secured. . . . The mortgagor may justly complain if his personal liability upon the note is allowed to remain, while the means which he has provided for meeting it has been disposed of. But all that he would be entitled to, if the mortgage had not been released, would be the right to have it assigned to him, upon his payment of the debt., so that he may avail himself of such security as the mortgage affords in obtaining reimbursement. He has no right to insist that his liability is wholly discharged because the mortgagee releases that which is the security for the debt, unless the security was sufficient to have fully paid the debt." First National Bank Trust Co. v. Strang, 112 Conn. 413, 414-5.
Unfortunately, I cannot offer Mr. Raymond any relief under this doctrine because not only is there no claim for set off in the pleadings, but also there is no evidence whatsoever as to the value of the equity in either of the two premises. I am particularly reluctant to rule against him because this whole mess CT Page 3245 came about because of the sloppy non-action of the plaintiff against the escrow, but on the state of the pleadings and the evidence; my hands are tied. It is true that he is entitled to reimbursement from Bosco under Chauser v. Cama, 106 Conn. 390 but that is in all probability but an idle dream.
Judgment may enter for the defendant for the balance due of the note, $14,425.94, costs to be taxed.
J. HEALEY, State Trial Referee