No. 959          Southern          Norfolk, ss.
BELLIVEAU                    ( Sidney H. Huberman)
v. ZIELFELDER              (Trayers & Oberhauser)
From the District Court of Northern Norfolk—Baker, J.
Argued Dec. 10, 1941—Opinion filed Jan. 27, 1942

ROLLINS, J. (Estes, A. P. J., and Rowe, J.)—In this action of tort the plaintiff seeks to recover the value of a horse, owned by him, which was in a collision with an automobile operated by the defendant. The horse was so seriously injured by the collision that it had to be destroyed. The plaintiff claimed the collision resulted from the defendant's negligent operation of his automobile. The defendant's answer was general denial and allegation of contributory negligence.

At the close of the trial the plaintiff filed 15 and the defendant 4 requests for rulings. The trial judge allowed some and denied others of the plaintiff's requests. He acted similarly on the defendant's requests.

The Court found for the defendant and filed, what the Report terms, an "Opinion." This "Opinion," in reality, consists largely of findings of fact and, in so far as it does, will be treated by us as such. The material findings of fact embodied in the "opinion" are as follows:

"Two horses escaped from the plaintiff's barnyard and entered the highway (which is a three-lane way with a cement surface at the sides and a macadam surface in the middle) and ran down the highway toward the defendant, who first saw the horse in question when it was 500 to 600 feet away. The defendant, fearful of a collision with the horse, brought his car substantially to a standstill as the horse approached. The horse collided with the car and was so badly injured that it had to be destroyed.

Hindsight would lead one to the conclusion that the acci-

[ 55 ]

dent could have been avoided had the defendant swung his car out into the center of the highway. If he had chosen this course, however, and the horse had collided with his car, the defendant could have just been blamed for moving out of his allotted portion of the street. Although the horse was not a trespasser on the highway and was entitled to the consideration due to any other travelling object, the defendant cannot, according to my judgment, be charged with liability because he placed his whole reliance on the assumption that the horse would swerve before he struck the defendant's car. Under the circumstances, if the defendant was moving very slowly or had came to a standstill, the result would have been the same."

The trial judge specifically found that the plaintiff was not guilty of contributory negligence. He also found that the defendant was not negligent.

The only question presented to this Appellate Division is whether the finding of the trial judge that the defendant was not negligent can be supported by any reasonable interpretation of the evidence including legitimate inferences therefrom. His general finding for the defendant must stand, if warranted upon any possible proper view of the evidence. *Eagle v. Checker Taxi Co.* 275 Mass. 471. Stated in another way, the finding of the trial judge that the defendant was not negligent will not be upset by us unless it cannot be supported upon any reasonable view or interpretation of the evidence upon which it was founded.

From the findings of fact it may be noted that "defendant's car had come to a standstill at the moment of collision." It is evidently the contention of the plaintiff, however, that since the defendant had seen the horse when it was 500 or 600 feet away, it was his duty to have stopped his car immediately or at least long before he did so. The plaintiff further argues that it was the duty of the defendant to have turned his car from the lane in which he was driving to another lane in the highway and thus have avoided the collision with the horse.

We are unable to find any law which substantiates these contentions of the plaintiff. In our opinion the duty of the defendant was to operate his car in a manner that a reasonable and prudent man would do when confronted with the circumstances here found to exist. It may be pointed out that a horse running at large will ordinarily swerve and avoid a stationary object or a very slowly moving object.

The trial judge found that the defendant operated his car as a reasonable and prudent man would under the circumstances and that he was not negligent. We cannot say that he was wrong in so finding. It would serve no useful purpose to discuss in detail the findings of the Court on the plaintiff's and defendant's requests for rulings. The Court acted properly on all of them.

There was no prejudicial error and the report is dismissed.