CITIZENS' SAVINGS BANK OF STAMFORD, CONN.
vs.
ISAAC SHANEN

Superior Court        Fairfield County        File #53164

Present:   Hon. EDWIN C. DICKENSON, Judge.

Durey, Pierson & Comley,    Attorneys for the Plaintiff.

Plotnick & Plotnick,        Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 21, 1937.

DICKENSON, J.   The complaint states that on June 4, 1924 one Bell gave the plaintiff his note for $6500 payable to the plaintiff on demand with interest semi-annually in advance secured by a mortgage; that by deed dated the same day Bell conveyed the real estate to the defendant who "assumed and agreed to pay the indebtedness hereinbefore mentioned as part consideration thereof." The First Special Defense attacked by this demurrer, sets up a conveyance of the real

estate to the defendant and one Silverman "now deceased," a conveyance by the defendant and Silverman to another and "divers" other conveyances thereafter. It further is alleged that neither the defendant nor Silverman ever paid interest or principal on the note and that the plaintiff's right of action did not accrue within six years next before the commencement of this action. To this the plaintiff demurs on the grounds that the obligation was assumed by an instrument under seal and that the "note which the defendant assumed and agreed to pay is non-negotiable."

As to the first claim on demurrer it was early decided in this state in **Foster vs. Atwater, 42 Conn. at 250,** citing **Pike vs. Brown, 7 Cushing, 133,** that the grantee in a deed not having sealed the instrument is not bound by such a promise "as a deed."

As to the second claim the action is not on the note but upon the defendant's contract with his grantor to pay the indebtedness.

**Jacobs vs. Kupperstein, 112 Conn., 607, 609.**

The statute **(G. S., Sec. 5489)** upon which the plaintiff sues could not enlarge the original contract. It gives the plaintiff the right to maintain such an action as might the defendant's grantor. "If this action is not brought upon the note set forth in the pleadings, but upon an undertaking which is in no legal sense a promissory note, nor a contract under seal, the inquiry whether the note in question is negotiable or non-negotiable becomes an immaterial one." **Carpenter vs. Thompson, 66 Conn. 457, 462.**

While the "assumption agreement . . . . was an absolute obligation to pay the full amount of the note according to its terms", **Roth vs. Ravich, 111 Conn. 649,** the agreement itself was a simple contract and as such subject to the limitation of **General Statutes, Section 6005.** The right to sue accrued at the date of the delivery and acceptance of the deed and expired six years thereafter unless kept alive, which the allegations of the Special Defense negative.

The demurrer is overruled on all grounds.