## DOMINICK SGRITTA
### vs.
## HERTZ CONSTRUCTION CO., ET AL.
(Appeal from Compensation Commissioner)

Superior Court          Fairfield County          File #52990

Present:  Hon. EARNEST C. SIMPSON, Judge.

Frank J. DiSesa,                Attorney for the Claimant.

Keating & Keating,          Attorneys for the Respondent.

**MEMORANDUM FILED OCTOBER 27, 1937.**　　124 Conn. 6

SIMPSON, J.　The Commissioner has found that the claimant sustained an injury arising out of and in the course of his employment on May 8, 1936, which incapacitated him from that date; that subsequently he developed maniac psychosis as a result of said injury, and because of said injury and the resultant psychosis he has been totally incapacitated since May 8, 1936.

The appellant attacks this finding principally upon the claim that there was not sufficient evidence to warrant a finding that the psychosis resulted from claimant's injuries, and that claimant's testimony failed to remove the question beyond mere conjecture.

It may be conceded without comment that the burden was upon claimant to prove the nature of his injuries and result thereof, and if his evidence does not remove the question of the result beyond conjecture or surmise, he is not entitled to compensation for the claimed result.

The finding that the psychosis developed as a result of the injury was a finding of a primary fact. **Nicatra vs. Bigelow, Sanford Carpet Co., et al., 122 Conn. 353.**　If there was sufficient medical testimony, in view of other related facts, to support this finding, it will have to stand.　If this finding stands, then the finding cannot be corrected in any material way.　Whether there was sufficient medical testimony to support the finding that depressive psychosis resulted as a result

of claimant's injuries is therefore the chief question in the case.

After carefully reading the testimony the Court feels that what the Supreme Court said in the case of **Kosik vs. Manchester Construction Co., 106 Conn. 107, 109**, might with equal force be said in this case. The Court there said:

> "But our examination of the testimony of the physician called by the claimant convinces us that while conservatively expressed, when considered in its entirety, it merits the construction given it by the Commissioners and amounts to expression of an opinion that at least it was reasonably probable that the claimant's condition was due to contact with cement and therefore occupational in its cause."

The Commissioner has found that the claimant was thrown from a truck in which he was riding in the course of his employment, when the truck was struck by a bus. This part of the finding is not questioned. The claimant's testimony supports the finding that claimant became unconscious as a result of being thrown from the truck and striking the ground. The Commissioner could have also found that soon after claimant reached the hospital he was dizzy, complained of headaches and became restless, sleepless and nervous, and that these became progressively worse. The claimant called two physicians, Dr. DeMelia and Dr. Emanuel, whose qualifications were not questioned. From Dr. DeMelia's testimony the Commissioner could have found claimant suffered a concussion of the brain, and that he was suffering from traumatic neurosis. Dr. Emanuel who had the claimant under observation and treatment at Dr. Barnes Sanitarium in Stamford, after describing claimant's then condition, upon being asked as to whether the condition to which he had testified may be attributable to a blow on the head or injury in accident, said, among other things, such an accident could cause such a condition, depending upon his previous condition, and when asked if there was no indication of the mental condition previous to the accident in May, he said the accident would be the precipitating cause.

Dr. Griffin, upon a more or less inaccurate recital of the testimony in the case, testified that he did not believe that the accident caused his alleged psychosis. He also subsequently testified that a man thrown from a truck, falling on the sidewalk, as the claimant is alleged to have fallen, could

develop as a result of the fall a mental condition. He also testified that his opinion that the mental condition could not be linked to the accident was based upon the question as asked, and that he had said it could not.

The Commissioner could have found that prior to the accident claimant had shown no indication of a mental condition, and that prior thereto was in good physical condition, and could have reasonably come to the conclusion upon the whole evidence and more or less conflicting opinions of the medical experts, that the fall of claimant was more probably the precipitating cause of the mental condition of which he was suffering than any other suggested cause. In view of the fact claimant's mental condition appears to have been progressive in nature, the Commissioner might well have concluded that the mental condition was not brought on by worry and brooding over his son's imaginary injury, but that the worry and brooding, occurring six months after the accident, were brought on by a precipitating compensable injury; that the worry and brooding were symptoms of an affected mind, and not the cause of the mental condition.

The appeal is therefore dismissed.