[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO RECONSIDER (#136)
On June 12, 1990, the defendant, Town of Litchfield filed a motion requesting the court to reconsider its motion to strike dated November 27, 1989. On June 1, 1990, the court (Pickett, J.) issued a memorandum of decision and denied the defendant's motion to strike.
The Court will reconsider the defendant's motion to strike dated November 27, 1989. The defendant's motion to strike dated November 27, 1989 is granted on the ground that Conn. Gen. Stat. 52-557n establishes the defective highway statute (13-149) as the exclusive remedy for injuries resulting from a highway condition.
Connecticut General Statutes 52-557n provides in pertinent part:
 (a)(1) Except as otherwise provided by law a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Section 13a-149. (Emphasis added)
Accordingly, the defendant's motion to strike is granted. See also Kizzia v. Town of Litchfield, 5 CSCR 206 (February 23, 1990, Pickett, J.); Sanzone, et al. v. Board of Police Commissioners, et al, 5 CSCR 314
(March 30, 1990, Ballen, J.); Francois v. City of Norwalk, et al.,5 CSCR 287 (April 16, 1990, Lewis, J.); and Backer v. City of New Haven,4 CSCR 784 (October 11, 1989, Hadden, J.).
PICKETT, JUDGE