[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants in the above-captioned consolidated cases move to strike the four count complaints contending no causes of action are stated.
The present two cases involve the same incident and were consolidated by the court, Ripley, J., on November 13, 1990. Although the plaintiffs are represented by separate counsel, the complaints are identical, except for the injuries alleged. The motions to strike the complaints and the memoranda in support are identical.
The following facts are alleged in the complaints. The plaintiffs, John Herbst and Bernard Umbehr, are suing the City of New Haven (New Haven) and the New Haven Parking Authority (NHPA) for injuries received on September 17, 1988, as they were walking along a parking lot on Broadway in New Haven. The plaintiffs allege that they had to step off the sidewalk and walk in the road because a car parked in the Broadway parking lot was blocking their path on the sidewalk. The plaintiffs allege that while walking in the road, they were struck by a car.
In count one the plaintiffs allege that both defendants committed negligent acts and omissions in the construction and design of the parking lot. In count two the plaintiffs allege that the defendants are liable under Conn. Gen. Stat. 52-557n for the negligent acts and omissions stated in count one. In count three the plaintiffs allege that the defendants created and maintained a nuisance. In count four the plaintiffs allege that the defendants are liable under Conn. Gen. Stat. 52-577n for the CT Page 2135 nuisance alleged in count three.
Plaintiff Herbst filed suit on September 28, 1990, and Plaintiff Umbehr filed suit on October 9, 1990. The NHPA filed the motion to consolidate, which was granted on November 13, 1990. On November 2, 1990, New Haven requested Herbst to revise his complaint, and on October 31, 1990, New Haven requested Umbehr to revise his complaint. Neither plaintiff has responded to or objected to the requests to revise. On November 14, 1990, NHPA moved to strike all four counts on the Umbehr complaint, and on November 15, 1990, NHPA moved to strike all four counts in the Herbst complaint.
Defendant, City of New Haven, is not a party to the Motions to strike.
The defendant NHPA argues that count one of the plaintiffs' complaints, alleging negligent design and construction, should have been brought under the defective highway statute, Conn. Gen. Stat. 13a-149, because it provides the exclusive remedy in this situation. NHPA further argues that the plaintiffs have failed to provide the notice required by the statute and that therefore the motion to strike should be granted. The plaintiffs argue that they have not alleged a defective highway claim because they have alleged that the defendants negligently designed and constructed the parking lot.
A claim that a highway is negligently designed states a cause of action under the defective highway statute. Donnelly v. Ives,159 Conn. 163 (1970); Bellamy v. Burns, 2 CSCR 375 (Berdon, J., February 24, 1987). Under that statute, written notice of the plaintiff's injury must be given within 90 days of the injury. Conn. Gen. Stat. 13a-149. "It was the duty of the plaintiff . . . either to recite the notice in the complaint or to annex it thereto." Barteis v. Windsor, 134 Conn. 569, 571 (1948). Plaintiffs have not stated in that complaint that notice was sent nor is the notice attached to the complaint.
In count three, the plaintiffs allege that the defendants by positive acts created and maintained a nuisance in that they allowed cars to obstruct the sidewalk around the parking lot. NHPA argues that the defective highway statute provides the sole means of recovery in this situation.
The appellate courts have not decided whether a nuisance action may be maintained when the facts of a case arguably bring it within the defective highway statute. Some Superior Courts have held that no nuisance action is allowed. See Tessitore v. Milford, 2 CTLR 234 (August 29, 1990, Hartmere, J.); Francois v. Norwalk, 1 CTLR 121 (April 15, 1990, Lewis, J.); Kizzia v. CT Page 2136 Litchfield, 5 CSCR 206 (February 23, 1990, Pickett, J.). However, other courts allow the nuisance action to proceed. See Stevens v. New Haven, 1 CTLR 484 (June 19, 1990, Koletsky, J.) (discussing legislative history); Kronenfeld v. Norwalk, 1 CTLR 104 (April 11, 1990, Cioffi, J.).
In the above cases however, the plaintiff was attempting to sue under the defective highway statute and common law negligence. In the instant cases, plaintiffs allege only a nuisance theory, with sufficient allegations to overcome a Motion to Strike.
Both Counts Two and Four allege causes of action under Conn. Gen. Stat. 52-557n by incorporating the facts of counts one and three. Section 52-557n states in relevant part:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . . (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation on of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
This statute abrogates governmental immunity in certain situations. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161,169 n. 3 (1988). This statute does not create a cause of action separate from the common law action. Count two, which incorporates Count one, is striken because as already noted, the defective highway statute provides the exclusive remedy.
Count four is not striken, because it incorporates Count three, the nuisance claim, which states a legally sufficient cause of action not barred by the defective highway statute.
Accordingly, the Motions to Strike Counts one and two are granted and denied as to Counts three and four.
STUART M. SCHIMELMAN