[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#103)
On December 27, 1990, the plaintiff Joanne Carroll filed a three count complaint against the Town of Bethlehem alleging she receive injuries as a result of a one car accident on Carmel Hill Road in Bethlehem. CT Page 4007 Count one alleges a violation of Connecticut General Statutes 13a-149
(the defective highway statute). Count two alleges a violation of Connecticut General Statutes 13a-111 and 13a-152 as a result of the town's failure to erect and maintain a railing or fence. Count three alleges a claim based on nuisance.
The defendant moves to strike counts two and three of the complaint on the following grounds: (1) Conn. Gen. Stat. 52-557(a)(1)(c) provides that the exclusive remedy for a claim of injury by means of a defective road is an action under the provisions of Conn. Gen. Stat. 13a-149; (2) insufficient notice prior to commencing this action as mandated by Conn. Gen. Stat. 13a-152. Pursuant to Conn. Practice Bk. 155 memoranda of law in support and in opposition to the motion have been filed.
The motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. 152. The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill,214 Conn. 1, 2 (1990). In ruling on a motion to strike, the court is limited to the grounds specified in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, 44 (1987).
The defendant in support of the motion to strike argues that, pursuant to Conn. Gen. Stat. 52-557n(a)(1)(c), a plaintiff may only claim damage for injuries from a defective road or bridge, by relying on Conn. Gen. Stat.13a-149 (the defective highway statute). Connecticut General Statutes 52-557n provides in pertinent part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
The issue of whether section 52-557n establishes the defective highway statute (section 13a-149) as the exclusive remedy for injuries resulting from a highway condition has not been decided by an appellate court.
While recognizing that there is a conflict of authority in the Superior Court on this issue the defendant urges this court to follow those cases which have held that Sec. 52-557n(a)(1)(c) precludes any claim for injuries caused by a defective highway other than under General Statutes Sec.13a-149. See Sanzone v. Board of Police Commissioners, 5 CSCR 314
CT Page 4008 (March 30, 1990, Ballen, J.); Tessitore v. City of Milford, 2 Conn. L. Reptr. No. 8, 234 (September 17, 1990) (Hartmere, J.); Francois v. City of Norwalk, 5 CSCR 287 (April 16, 1990, Lewis, J.); and Kizzia v. Town of Litchfield, 5 CSCR 206 (February 23, 1990, Pickett, J.)
The plaintiff, on the other hand, points to those cases which have held that a claim of nuisance based on allegations of positive acts is not excluded by General Statutes 52-557n(a)(1)(c). See Kronenfield v. Norwalk, 1 CTLR 103 (April 30, 1990, Cioffi, J.); Stevens v. City of New Haven, 5 CSCR 565 (June 19, 1990, Koletsky, J.) and Graham v. Bolton, 2 CTLR 438 (October 29, 1990, Scheinblum, J.)
The reasoning and review of the legislative history undertaken by Judge Koletsky in Stevens is persuasive and therefore this court adopts that reasoning. To hold otherwise would deprive a litigant of the right to pursue a common law nuisance action, when there is no clear statutory mandate to the contrary. Gintoli v. City of Bridgeport, 3 CTLR 389 (March 18, 1991, Nigro, J.).
"[The plaintiff may bring a nuisance action contemporaneously with an action under the defective highway statute, so long as they allege positive acts by the municipality which created the nuisance." Stevens, Id. at 567. The allegations of count three, particularly paragraph twelve, contain allegations of acts by the defendant. Accordingly, the defendants' motion to strike count three of the plaintiff's complaint is denied.
Count two of the plaintiff's complaint is brought pursuant to Conn. Gen. Stats. 13a-111 and 13a-152. Section 13a-111 provides in pertinent part:
 The party bound to maintain any bridge or highway shall erect and maintain a sufficient railing or fence on the sides of such bridge and on the sides of such parts of such road as are so made or raised above the ground as to be unsafe for travel. . . .
Section 13a-152 provides that:
 Any person who suffers damage in his person or property by reason of the want of any railing or fence required by section 13a-111 may recover damages from the party required to erect and maintain the same, but no action for damages for any such injury shall be maintained against any party unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter, be given to such party. No notice given under the provisions of this section shall be held invalid or insufficient by reason CT Page 4009 of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence of it appears that there was no intention to mislead or that such party was no misled thereby. (Emphasis added).
In paragraph five of count two, the plaintiff states that "the defendant Town of Bethlehem received notice of this incident, as required by Connecticut General Statutes 13a-152."
The defendant, in support of the motion to strike, argues that the notice was insufficient because the notice only mentioned that the plaintiff intended to file a claim pursuant to section 13a-149 (the defective highway statute) and not section 13a-152.
The plaintiff argues that a motion to strike is not the proper vehicle to test the efficacy of the plaintiffs notice under 13a-152.
There is no requirement in section 13a-152 that the notice to the town must specify the statutory section relied on to support the cause of action. Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is denied.
SUSCO, J.